# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRETT COLE, #B-26031, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 10-1026-GPM |
| | ) |
| JOHN DOE WARDEN OF CENTRALIA | ) |
| CORRECTIONAL CENTER and JOHN | ) |
| DOE MAIL ROOM OFFICER #514, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, an inmate currently confined in the Pontiac Correctional Center, was housed temporarily in the Centralia Correctional Center (CCC). Plaintiff brings this action under 42 U.S.C. § 1983 for deprivations of his constitutional rights while he was confined at CCC. This case is before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in pertinent part:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Upon careful review of the complaint and any supporting exhibits, the Court finds that some the claims in the complaint must be dismissed at this point in the litigation.

## FACTS ALLEGED IN COMPLAINT

Plaintiff was housed temporarily at CCC while awaiting a court hearing in St. Clair County, Illinois. Plaintiff gave an envelope, which contained a legal motion concerning his state court case, to Defendant John Doe Mail Room Officer #514, who stated that the legal mail would be sent even though Plaintiff did not have funds on the books at CCC. Plaintiff later learned that his mail was returned as undeliverable for insufficient mailing funds. Because this mail was returned to Plaintiff instead of sent to the courthouse, Plaintiff's motion was not considered during his state court hearing.

## DISCUSSION

Plaintiff claims that he was denied access to the courts when he was told that his documents would be mailed to the court but then were returned to him for insufficient funds. Although prisoners must be provided with basic document-drafting materials, they do not have a right to unlimited free postage. *See Gaines v. Lane*, 790 F.2d 1299 (7th Cir. 1986). However, the Illinois Administrative Code states that inmates with insufficient funds are permitted to send reasonable amounts of legal mail to clerks of the courts, to court reporters, to the administrative review board, and to the prisoner review board at the State's expense as long as attached to the mail is a signed

money voucher authorizing the reimbursement to the State out of future funds. ILL. ADMIN. CODE tit. 20, § 525.130(a).

It is unclear at this point why Plaintiff's mail was returned to him for insufficient funds. It is possible that Plaintiff previously had charged an unreasonable amount of legal mail to the State. It also is possible that Defendant John Doe Mail Room Officer #514 deliberately denied Plaintiff access to the courts. For this reason, this claim cannot be dismissed at this time.

The Court notes, however, that although John Doe Warden of Centralia Correctional Center is named in the caption, he or she is not named elsewhere in the complaint. Pro se plaintiffs, whose complaints must be liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims to put the defendants on notice of the claims brought against them so they can properly answer the complaint. *See Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003) (a "short and plain" statement of the claim suffices under Federal Rule of Civil Procedure 8 if it notifies the defendant of the principal events upon which the claims are based); *Brokaw v. Mercer County*, 235 F.3d 1000, 1024 (7th Cir. 2000) ("notice pleading requires the plaintiff to allege just enough to put the defendant on notice of facts providing a right to recovery"). Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."). Plaintiff has not asserted a claim against Defendant John Doe Warden of Centralia Correctional Center; therefore Defendant John Doe Warden of Centralia Correctional Center is dismissed without prejudice.

**DISPOSITION**

**IT IS HEREBY ORDERED** that Defendant **JOHN DOE WARDEN OF CENTRALIA**

**CORRECTIONAL CENTER** is **DISMISSED** without prejudice from this action.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for Defendant **JOHN DOE MAIL ROOM OFFICER #514**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). Service shall not be made on the Unknown (John Doe) Defendant until such time as Plaintiff has identified him or her by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the name and service address for this individual.

Pursuant to Local Rule of the United States District Court for the Southern District of Illinois 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Donald G. Wilkerson** for further pre-trial proceedings. Further, this entire matter is hereby **REFERRED** to **Magistrate Judge Wilkerson** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED: 04/18/11

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge