IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRETT COLE, ) | |
| ) | |
|       Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 10-1026-GPM-DGW |
| ) | |
| MARCIA ROSS, ) | |
| ) | |
|       Defendant. ) | |
| ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

      This matter comes before the Court on a motion for summary judgment filed by Defendant Marcia Ross on March 13, 2012 (Doc. 47). Plaintiff Brett Cole filed a response on April 4, 2012 (Doc. 48), and Defendant filed a Reply on April 17, 2012 (Doc. 49). For the reasons stated below, Defendant's motion for summary judgment (Doc. 47) is **GRANTED**.

## BACKGROUND

      On December 20, 2010, Plaintiff Brett Cole, a detainee formerly incarcerated at the Centralia Correctional Center ("Centralia"), filed this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff alleges that on September 16, 2009, while he was housed temporarily at Centralia awaiting a court hearing in St. Clair County, Illinois, an unidentified mail room officer refused to send out his legal mail relating to his state court action (Doc. 1). Plaintiff claims a prison official at Centralia previously told him legal mail would be sent even if an inmate had insufficient funds in his account. *Id*. Plaintiff later learned his mail

was returned as undeliverable for insufficient mailing funds. *Id* As a result, Plaintiff's motion was not considered during his state court hearing. *Id.*

On May 24, 2011, Magistrate Judge Donald Wilkerson appointed Plaintiff counsel to assist Plaintiff in identifying the proper defendant to name in an amended complaint (Doc. 14). Judge Wilkerson held telephonic status conferences with Plaintiff's appointed counsel on July 14, 2011, August 16, 2011, and September 1, 2011 to discuss the status of the case (Docs. 19, 21, 22). At each conference, Plaintiff's counsel informed the Court that, despite their best efforts, they had been unable to identify the John Doe Defendant. *Id.* On September 23, 2011, Plaintiff submitted an "objection", which Judge Wilkerson construed as a motion to dismiss appointed counsel (Docs. 24, 25). Judge Wilkerson granted Plaintiff's motion to dismiss appointed counsel (Doc. 24). Subsequently, Judge Wilkerson entered an Order to Show Cause directing Plaintiff to file an amended complaint identifying the John Doe Defendant by name, description, and work address (Docs. 24, 25). Plaintiff responded to the Order to Show Cause by requesting leave to file an amended complaint (Doc. 26).

On February 17, 2012, Plaintiff filed a Second Amended Complaint identifying Marcia Ross, an Account Technician at Centralia, as the mail room officer who allegedly failed to send out Plaintiff's legal mail on September 16, 2009 (Docs. 40; 47-2). Plaintiff claims Defendant Ross denied him access to the courts when he was told his legal documents would be mailed to state court, but were returned for insufficient funds. *Id.*

On March 13, 2012, Defendant Ross filed a motion for summary judgment seeking dismissal of this action on the basis that she was not personally involved in any alleged deprivation of Plaintiff's constitutional rights (Doc. 47). According to Defendant Ross, she

began employment with the Illinois Department of Corrections on October 16, 2010 (Doc. 47-2). Accordingly, Defendant Ross could not have been involved in any alleged deprivation that occurred on September 16, 2009 (Doc. 47-2).

In response, Plaintiff argues, regardless of whether Defendant Ross personally deprived him of access to court, Defendant is liable because she, as an account technician at Centralia, is the successor to his claim under Federal Rule of Civil Procedure 25(d) (Doc. 48).

## LEGAL STANDARD

The standard applied to summary judgment motions under Federal Rule of Civil Procedure 56 is well-settled and has been succinctly stated as follows:

> Summary judgment is proper when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. In determining whether a genuine issue of material fact exists, [the Court] must view the record in a light most favorable to the nonmoving party. Because the primary purpose of summary judgment is to isolate and dispose of factually unsupported claims, the nonmovant may not rest on the pleadings but must respond, with affidavits or otherwise, setting forth specific facts showing that there is a genuine issue for trial.… A mere scintilla of evidence in support of the nonmovant's position is insufficient; a party will be successful in opposing summary judgment only when it presents definite, competent evidence to rebut the motion.

*Albiero v. City of Kankakee*, 246 F.3d 927, 931-32 (7th Cir. 2001) (citations and quotations omitted)

## ANALYSIS

Section 1983 creates a cause of action for damages against an official in his individual capacity based on personal liability; a plaintiff must show the defendant's personal involvement or participation, or direct responsibility for the conditions of which he complains. *Johnson v. Snyder*, 444 F.3d 579, 583 (7th Cir. 2006); *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir.

1995). "To be personally responsible, an official must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009) (internal citations omitted). The doctrine of respondeat superior does not apply to Section 1983 actions, so in order to be liable, a defendant must be alleged to be personally responsible for the constitutional violation. *See Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001), (citing *Gentry*, 65 F.3d at 561).

In support of her motion for summary judgment, Defendant proffers a sworn statement stating she began her employment with the Illinois Department of Corrections on October 16, 2010 (Doc. 47-2). Defendant was not employed at Centralia in any capacity when Plaintiff's right was allegedly violated (Doc. 47-2). Plaintiff acknowledges Defendant Ross "may not have been the 'one' who 'denied'" his access to courts (Doc. 48). As previously noted, prison officials cannot incur liability under section 1983 unless that official is shown to be personally liable for a deprivation of a constitutional right. *See Knight*, 590 F.3d at 462-63. Plaintiff has not produced any evidence to suggest Defendant was involved, either directly or indirectly, in the alleged violation of his constitutional right.

Plaintiff attempts to escape the fact Defendant was not employed at Centralia on September 16, 2009, by claiming Defendant is liable as the "successor" to Plaintiff's claim pursuant to Federal Rule of Procedure 25(d) (Doc. 48). However, Plaintiff's last ditch effort of a successor theory was asserted in Plaintiff's response in opposition to Defendant's motion for summary judgment (*See* Doc. 48). "A plaintiff may not amend his complaint through arguments in his brief in opposition to a motion for summary judgment." *Shanahan v. City of Chicago*, 82 F.3d776, 781 (7th Cir. 1996). The Court provided Plaintiff every opportunity to identify and

name the appropriate defendant for Plaintiff's claim. Yet Plaintiff has failed to do so at every turn. There is no genuine issue of material fact as to Defendant's lack of personal involvement. Defendant is entitled to judgment as a matter of law.

## CONCLUSION

Defendant Ross has demonstrated that there is no genuine dispute as to any material fact and she is entitled to judgment as a matter of law. Defendant's motion for summary judgment (Doc. 47) is **GRANTED**. Plaintiff's complaint (Doc. 1) is **DISMISSED with prejudice**.

**IT IS SO ORDERED.**

**DATED**:  December 3, 2012

/s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge